107 F.3d 3
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Joanne NIEMANN, Plaintiff-Appellee,
v.
William R. WHALEN, sued in his official and individual
capacities, Defendant-Appellant,
Fleet Bank of New York, Defendant.
 No. 96-7861.
 United States Court of Appeals, Second Circuit.
 Feb. 12, 1997.
 
 Appearing for Appellant: Christine E. Morrison, Assistant Attorney General of the State of New York, New York, New York.
 Appearing for Appellee: Michael H. Sussman, Sussman, Bergstein, Wotorson and Whateley, Goshen, New York.
 Before OAKES, WINTER and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 William Whalen appeals from Judge Conner's denial of his post-trial motion for judgment as a matter of law, for a new trial on all issues, and for a new trial on the issue of punitive damages. The motion followed a trial in which a jury awarded Joanne Niemann compensatory damages of $150,000 against Whalen and his co-defendant Fleet Bank, punitive damages of $200,000 against Whalen and punitive damages of $275,000 against Fleet Bank. Niemann brought the action under 42 U.S.C. § 1983, claiming that Whalen, a police officer, acting in concert with Fleet Bank employees, violated her constitutional rights by coercing her to confess to stealing $3,220 from Fleet Bank, where she worked as a teller, and by subsequently pursuing criminal charges against her.
 
 
 4
 The district court denied appellant's motion for judgment as a matter of law, denied appellant's motion for a new trial on all issues, but granted appellant a new trial solely on the issue of punitive damages unless Niemann consented to remit the award of punitive damages against Whalen to $40,000. Niemann v. Whalen, 928 F.Supp. 296 (S.D.N.Y.1996). Niemann has so consented.
 
 
 5
 We affirm for substantially the same reasons stated by the district court in its post-trial decision, id., which also incorporates sections of its pre-trial decision, Niemann v. Whalen, 911 F.Supp. 656 (S.D.N.Y.1996).